UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOREL SHOPHAR,                         Civil Action No.: 17-13322
                                       Honorable Mark A. Goldsmith
                   Plaintiff           Magistrate Judge Elizabeth A. Stafford

v.

CAROL GORSKI, *et al.*,

                   Defendants.

_____/

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOREL SHOPHAR,                         Civil Action No.: 17-13900
                                       Honorable Mark A. Goldsmith
                   Plaintiff           Magistrate Judge Elizabeth A. Stafford

v.

JUDGE CHRISTINA
DUNN, *et at.*

                   Defendants.

_____/

**REPORT AND RECOMMENDATION TO DISMISS COMPLAINT,
THUS GRANTING DEFENDANTS' MOTIONS TO DISMISS, TO SET
ASIDE ENTRIES OF DEFAULT, TO DENY A MOTION FOR SANCTIONS,
TO GRANT DEFENDANTS' MOTIONS, TO DENY PLAINTIFF'S MOTION
FOR PERMANENT INJUNCTION, AND TO DENY PLAINTIFF'S MOTION
<u>TO STAY PROCEEDINGS</u>**

## I.   Introduction

In the above actions, Plaintiff Jorel Shophar challenges a Kansas state court's decision to award custody of his two minor children to their mother, Krissy Gorski, and makes other frivolous and vexatious claims. The Court lacks subject matter jurisdiction to hear Shophar's claims, so defendants' motions to dismiss should be granted.  [17-13322, ECF Nos. 23, 26, 29, 36, 44, 46, 75, 84; 17-13900, ECF No. 12].  For the same reason, the clerks' entries of default should be set aside.  [17-13322, ECF No. 90; ECF No. 17-13900, ECF No. 14, 18].  Defendants' motion for a permanent injunction to prevent Shophar from continuing to file frivolous and vexatious lawsuit should also be granted.  [17-13322, ECF No. 50, 56]. Shophar's motion for permanent injunction and motion to stay should be denied.  [17-13322, ECF No. 65, 88].

## II.   Background

This action is essentially a challenge to a state court order granting Gorski full custody of his children.  In the October 2017 "Abduction Prevention Orders," Kansas District Court Judge Christina Dunn Gyllenborg awarded Gorski sole legal custody of the children, and ordered that Shophar have no parenting time with them until he complied with an order to obtain a psychological evaluation, and completed a batterer's

2

intervention program.  [17-13322, ECF No. 75-3, PageID 1866-75].  The findings of facts leading to Judge Gyllenborg's ruling were that the minor children had lived in Kansas for more than six months and were bona fide residents of that state, [*Id.*, PageID 1866]; that Shophar had filed an action in Wayne County, Michigan, on October 5, 2017, "seeking Registration of this State's child custody order with unexplained and misleading addresses for both Father and Mother," [*Id.*, PageID 1868]; that despite being present in the court when Judge Gyllenborg denied Shophar's oral motion to adjourn the trial scheduled for October 6, 2017, he did not appear for the trial, [*Id.,* PageID 1868-69]; and that uncontroverted evidence established that Shophar had abducted the minor children, [*Id.*, PageID 1869].

Judge Gyllenborg then detailed the reasons why there was a credible risk that Shophar would again abduct his children.  [*Id.*, PageID 1869-71].  She said Shophar had failed to follow prior court orders, had previously abducted the children, and had threated to abduct the children in recent court filings.  [*Id.*, PageID 1869].  He also had engaged in numerous activities that were indicative of a planned abduction, including abandoning his employment in Kansas, terminating his lease in that state, engaging in unusual financial activities, and purchasing items necessary for overnight visits with his children despite a court order disallowing such visits. [*Id.*,

PageID 1870]   Judge Gyllenborg further cited uncontroverted testimony that Shophar had engaged in domestic violence and stalking, and that he had attempt to wrest jurisdiction from her court.  [*Id.*].

> [Shophar] has attempted on multiple occasions to obtain a change in jurisdiction and/or venue through the filing of cases in at least two counties in the State of Kansas, as well as two counties in the State of Michigan despite Mother and the children continuing to reside in State of Kansas resulting in this Court maintaining continuing and exclusive jurisdiction as Home State under the [Uniform Child Custody Jurisdiction and Enforcement Act].

[*Id.*, PageID 1870-71].

Judge Gyllenborg next cited Shophar's lack of ties to any state, and his known tendency to "pull up stakes and move on short notice." [*Id.*, PageID 1871].  He had "used multiple names, for himself, his wives or partners in an attempt to mislead or defraud," and had threatened to kill Krissy Gorski.  [*Id.*].  Finally, Judge Gyllenborg noted Shophar's own sworn testimony that he planned to move to Michigan after his October 31, 2017, lease in Topeka, Kansas expired.  [*Id.*].

The day after Judge Gyllenborg's October 10 order, Shophar filed a complaint in this Court alleging discrimination and deprivation of his constitutional rights, naming as defendants Carol Gorski, (identified as the step grandmother of the minor children); Annette Zsenyuk (identified as

4

Krissy Gorski's former foster parent); Judge Gyllenborg; Kansas Legal Services; Tracy Swearingin Grady (identified as Krissy Gorski's neighbor and close friend); Ben Gleaves (identified as a co-parenting therapist); Stephanie Olmstead (identified as the supervisor of KVC Kansas, a child welfare and behavioral healthcare provider); and Aubree Ridley (identified as a safe home therapist).  [17-13322, ECF No. 1].  Shophar alleges in his complaint that Gorsky is unfit and that state actors have obstructed investigations into sex trafficking of the children, who Shophar claims demonstrate signs of sexual abuse.[1]  [*Id.*].

In December 2017, Shophar filed a "petition for emergency writ of habeas corpus" against Judge Gyllenborg and Krissy Gorski, requesting that his children be found and examined to protect them from alleged sexual abuse.[2]  [17-13900, ECF No. 1].

---

[1] Shophar attempts to file claims on his behalf, and also on behalf of his minor children.  But he has not demonstrated that he has the legal authority to sue in the name of his minor children as required by Federal Rule of Civil Procedure 17(a), and non-attorney parents may not represent the interests of their children *pro se* in federal court.  *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002).

[2] The Honorable Mark A. Goldsmith ordered that the petition be considered a civil complaint, finding that a petition for habeas corpus on behalf of Shophar's sons was inappropriate since they were not in custody.  [17-13900, ECF No. 6].

### III.    Analysis

### A. Legal Standards

A plaintiff bears the burden of showing that the Court has subject matter jurisdiction.  *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).  A Rule 12(b)(1) motion challenging jurisdiction should be decided before any other motion to dismiss under Rule 12(b)(6). *Wayside Church v. Van Buren Cty.,* 847 F.3d 812, 816 (6th Cir. 2017). Relevant here, a facial attack on subject matter jurisdiction requires that the allegations in the complaint be taken as true. *Carrier Corp. v. Outokumpu Oyj,* 673 F.3d 430, 440 (6th Cir. 2012).  Those allegations must plead a colorable claim.  "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).  A claim is not colorable if it is "wholly insubstantial and frivolous."  *Id.,* at 513, n. 10 (internal citation and quotation marks omitted).

The plaintiff must show that the court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," or that jurisdiction is proper because of the diversity of citizenship of the parties.  28 U.S.C. §§ 1331, 1332.  A federal court has diversity jurisdiction "only if each of the plaintiffs comes from a different State from

6

each of the defendants." *Evanston Ins. Co. v. Hous. Auth. of Somerset*, 867 F.3d 653, 656 (6th Cir. 2017).  When a court has subject matter jurisdiction under either Sections 1331 or 1332, it may exercise supplemental jurisdiction over related state claims.  28 U.S.C. § 1367.  But "[i]f the court dismisses plaintiff's federal claims pursuant to Rule 12(b)(1), then supplemental jurisdiction can never exist." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996). "It ought to be obvious that because federal subject matter jurisdiction is completely lacking there is nothing upon which to exercise supplemental jurisdiction under 28 U.S.C. § 1367." *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996) (citation and internal quotation marks omitted).

Upon the filing of a Federal Rule of Civil Procedure 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proving the Court's jurisdiction over the defendant.  *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002).  "[T]he plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).  The court has the discretion to decide the motion on the affidavits, to permit discovery to aid

resolution of the motion, or to conduct an evidentiary hearing.  *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 449 (6th Cir. 2012).

When the court relies only on the written submissions and affidavits "rather than resolving the motion after either an evidentiary hearing or limited discovery, the burden on the plaintiff is relatively slight, and the plaintiff must make only a prima facie showing that personal jurisdiction exists in order to defeat dismissal."  *Air Prod. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (citations and internal quotation marks omitted).  And when deciding a Rule 12(b)(2) motion on only the pleadings and affidavits submitted, those documents must be viewed in a light most favorable to the plaintiff, and the court should not weigh any conflicting assertions by the party moving to dismiss.  *Id.*  Here, viewing the evidence in a light most favorable to Shophar, he cannot establish that the Court has personal jurisdiction over defendants.

"When a federal court's subject-matter jurisdiction is based on a federal question, the court's exercise of personal jurisdiction must be both authorized by the forum State's long-arm statute and in accordance with the Due Process Clause of the Fourteenth Amendment.").  *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549 (6th Cir. 2016).  Under Michigan's long-arm statues, limited personal jurisdiction over a nonresident individual

and corporation is established for claims "arising out of the act or acts which create any of the following relationships," including "[t]he transaction of any business within the state," "[t]he doing or causing of any act to be done, or consequences to occur, in the state resulting in an action for tort," and the "[e]ntering into a contract for services to be performed or for materials to be furnished in the state by the defendant."  M.C.L. §§ 600.705 & 600.715.

To satisfy due process requirements, the exercise of personal jurisdiction over a foreign defendant must satisfy three requirements:

> (1) the defendant must personally avail himself of the privilege of acting in the forum state or causing a consequence in the forum state; (2) the cause of action must arise from defendant's activities there; and (3) the acts of defendant or consequences caused by defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable.

*Neal v. Janssen*, 270 F.3d 328, 332 (6th Cir. 2001).

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than those drafted by lawyers, but such complaints still must plead sufficient facts to demonstrate that the Court has jurisdiction and to state a plausible claim for relief.  *Davis v. Prison Health Services*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Ballard v. Law Offices of David A. Kotwicki*, No. 13-12931, 2013 WL 3936881, at *2 (E.D. Mich. July 30, 2013).

9

## B. <u>Summary of Conclusions</u>

Shophar alleges personal jurisdiction over defendants who have no

or have had wholly insufficient contacts with Michigan; those defendants

should be dismissed.  His claims against Judge Gyllenborg are

unsustainable because she is immune and because subject matter for the

claims against her does not exist.  Shophar's complaint alleges both federal

question and diversity jurisdiction.  [17-13322, ECF No. 1, PageID 2].  But

he also states that both he and Defendant Carol Gorski reside in Michigan,

[*Id.*, PageID 3], so complete diversity of citizenship does not exist.

*Evanston Ins. Co,* 867 F.3d at 656.  Therefore, Shophar's allegations must

establish colorable federal claims.  *Arbaugh,* 546 U.S. at 513, n. 10.  They

do not, so the Court cannot exercise supplement jurisdiction over his state

law claims.  § 1367.  And because Shophar's claim are vexatious, frivolous

and harassing, he should be enjoined from filing further such claims without

leave of court.  Shophar's motion to stay is equally frivolous, and it should

be denied.

## C. <u>Challenges to Personal Jurisdiction</u>

Kansas Legal Services (KLS) filed a motion alleging that the Court

does not have personal jurisdiction over it.  [17-13322, ECF No. 23].  An

assistant managing attorney avers by affidavit that KLS is a private non-

profit corporation during business in the state of Kansas, that it does no

business in Michigan, that it has not consented to jurisdiction in Michigan,

and that her representation of Krissy Gorski was exclusively in Kansas.

[*Id.*, ECF No. 23-18].  Another KLS attorney's affidavit states that she called

an Oakland County circuit judge's chambers and a legal aid office in

Michigan as part of her representation of Gorski, but that she has otherwise

had no contact with Michigan as part her of employment with KLS.  [*Id.*,

ECF No. 23-17].  The communication with Michigan was initiated because

Shophar filed child custody petitions in Michigan courts (Oakland County

and Wayne County) in September and October 2017 despite the ongoing

custody action before Judge Gyllenborg in Kansas.  [*Id.*, ECF No. 23-12 to

23-16].

　　　In response, Shophar alleges that attorneys with KLS had made

contact with Michigan, including in an email from a staff attorney about

sharing court documents with the Oakland County Court.  [ECF No. 41,

PageID 951].  These contacts did not constitute the transaction of any

business, the doing or causing of any act that resulted in a tort action, or

the entering of any contract.  § 715.  And these contacts are far too

insubstantial to satisfy the requirements of due process.  *Neal,* 270 F.3d at

332.

Johnson County, Kansas, and its board of commissions, also move to dismiss Shophar's claims against them for lack of personal jurisdiction. [17-13322, ECF No. 44].  In response, Shophar alleges that a Johnson County official lied to a Michigan county judge.  [*Id.*, ECF No. 62].  But Johnson County and its commission cannot be sued based on the alleged misconduct of an official.  Municipal liability arises only where "the challenged conduct occurs pursuant to a municipality's 'official policy' such that the municipality's promulgation or adoption of the policy can be said to have 'caused' one of its employees to violate the Plaintiff's constitutional rights."  *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)).  Since Shophar cites no actions on the part of Johnson County or its commission that would justify exercising personal jurisdiction over them, their motion to dismiss should be granted.  § 715; *Neal,* 270 F.3d at 332 (6th Cir. 2001).

In their motions to dismiss, Ridley, Gleaves, Cornerstone and Olmstead each challenge the Court's exercise of personal jurisdiction over them by pointing out that none of the misconduct Shophar alleges against them occurred in, or have a substantial enough connection with, the state of Michigan.  [17-13322, ECF No. 46, PageID 1011-12, 1023-26; ECF No. 75, PageID 1787-88; ECF No. 84, PageID 2174-76].  They are correct that

12

none of Shophar's claims against them allege conduct in Michigan.  [*Id.*, ECF No. 1, PageID 29-36].  Shophar nonetheless responds that personal jurisdiction exists because these defendants were involved in a plan to help Gorski bring the minor children to Michigan.  [*Id.*, ECF No. 64, PageID 1620; ECF No. 79, PageID 2097-98; ECF No. 85, PageID 2195-97].  But any such plan would not equate to causing a *consequence* in Michigan; Shophar's claims against these defendants do not include allegations that anything of consequence occurred in this state.  Nor would such a plan constitute a substantial enough connection to Michigan to make the exercise of jurisdiction over Ridley, Gleaves, Cornerstone and Olmstead reasonable.  Their motions to dismiss for lack of personal jurisdiction should be granted.  *Neal,* 270 F.3d at 332 (6th Cir. 2001).

### D. <u>Claims Against Judge Gyllenborg</u>

Judge Gyllenborg, who is named in both Shophar's complaint and petition, enjoys absolute immunity from a suit for damages.  "State judges enjoy absolute immunity from federal damage suits for acts performed in their judicial capacities, except for acts done in the clear absence of jurisdiction." *Schultz v. City of Wyoming*, No. 1:15-CV-940, 2016 WL 7486275, at *4 (W.D. Mich. Dec. 30, 2016) (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *Alkire v. Irving*, 305 F.3d 456, 469 (6th Cir. 2002)).

13

Judicial immunity applies even for judges who act with partiality, maliciously, corruptly, arbitrarily, or oppressively. *King v. McCree*, 573 F. App'x 430, 437 (6th Cir. 2014)

An action is within a judicial capacity if it is normally performed by a judge. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Cooper v. Rapp*, 702 F. App'x 328, 332 (6th Cir. 2017).  Here, Judge Gyllenborg entered her order within her judicial capacity; entering and enforcing custody orders are judicial functions. *Cooper*, 702 F. App'x 332.  And there is no allegation that Judge Gyllenborg acted in the complete absence of jurisdiction. Shophar argues, "Defendant Gyllenborg should not enjoy immunity because the Federal Court can exercise jurisdiction due to the Defendant Gyllenborg denying the Plaintiffs civil rights to his children, in violation of the Fourteenth Amendment."  [ECF No. 49, PageID 1305].  But such alleged misconduct does not destroy judicial immunity. *King,* 573 F. App'x at 437 (6th Cir. 2014).

Of further note, Shophar reliance on 42 U.S.C. § 1983 in support of his claims for any injunctive relief is unsustainable.  [*See, e.g.*, 17-13322, ECF No. 1, PageID 15].  Under Section 1983, "[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory

14

decree was violated or declaratory relief was unavailable." Shophar's pleadings do not reference a declaratory decree that was violated, or state that declaratory relief was unavailable. [17-13322, ECF No. 1; 17-13900, ECF No. 1].

For all of these reasons, Shophar's claims against Judge Gyllenborg cannot stand, and her motion to dismiss should be granted. [17-13322, ECF No. 26].

### E. Request for Custody

Both Shophar's complaint (17-13322) and petition (17-13900) assert that he should be awarded custody of the minor children, but this court lacks jurisdiction to issue child custody decrees. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (federal courts lack power to issue domestic relations decrees, including regarding child custody); *Hooks v. Hooks*, 771 F.2d 935, 942 (6th Cir. 1985) (same). Shophar relies in part on the Parental Kidnaping Prevention Act of 1980 (PKPA), 28 U.S.C. § 1738A, but the Supreme Court has ruled that the PKPA did not create a private cause of action in federal court. *Thompson v. Thompson*, 484 U.S. 174, 187 (1988) ("[T]he context, language, and history of the PKPA together make out a conclusive case against inferring a cause of action in federal court to determine which of two conflicting state custody decrees is valid."). *See*

15

*also Adkins v. Adkins*, No. CV 15-13823, 2015 WL 6736187, at *2 (E.D. Mich. Nov. 4, 2015) ("The PKPA is not an available remedy to Petitioner since it does not create a private cause of action in federal court.").

Shophar's reliance on alleged constitutional violations in seeking custody of his children is also unavailing.  "[F]ederal courts do not have jurisdiction over a claim where the [civil rights] action is a mere pretense and the suit is actually concerned with custody issues."  *Drewes v. Ilnicki*, 863 F.2d 469, 471 (6th Cir. 1988).  *See also Danforth v. Celebrezze*, 76 F. App'x 615 (6th Cir. 2003) (affirming dismissal of the plaintiff's civil rights complaint because the action "essentially is a pretense to obtain federal review of domestic relations matters").  And Shophar's collateral attack of the state court custody order is barred by the *Rooker-Feldman* doctrine.  "If the source of the injury is the state court decision, then the *Rooker–Feldman* doctrine would prevent the district court from asserting jurisdiction."  *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008) (internal quotation marks and citation omitted).

Thus, this Court has no subject matter jurisdiction to consider petition seeking custody of the minor children, and Judge Gyllenborg's motion to dismiss, and Krissy Gorski's motion to set aside the entry of default against her, should both be granted.  [17-13900, ECF Nos. 12, 18].  To the extent

16

that Shophar's complaint under case number 17-13322 also seeks custody of the children, that request for relief should be denied.

### F. Claims against Zsenyuk

Shophar's complaint alleges that Zsenyuk violated the PKPA and 18 U.S.C. § 4010; discriminated against him in violation of the First Amendment; and violated Michigan laws, namely M.C.L. §§ 750.350a, 600.2911 and 750.411a.  Zsenyuk filed a motion to dismiss, arguing that the Court lacks subject matter jurisdiction.  [ECF No. 29, PageID 776].  The Court agrees.

As noted, the PKPA did not create a private cause of action. *Thompson*, 484 U.S. at 187.  Section 4101 addresses the transfer of criminal offenders to or from foreign countries; it is inapplicable.  18 U.S.C. §§ 4100-4101.

To support his First Amendment claim, Shophar states that Zsenyuk is a federal government employee, and that she used her government email to send communication that defamed him. [ECF No. 1, PageID 13]. In his combined motion to strike and response to Zsenyuk's motion to dismiss, Shophar alleges that Zsenyuk made statements that caused others to view him as a religious extremist and deprive him of his rights to his children.  [ECF No. 55, PageID 1530-31].

17

The First Amendment restricts the government from regulating private speech, and from placing a substantial burden on the free exercise of religion.  *Pleasant Grove City, Utah v. Summum*, 555 U.S. 460 (2009); *Thomas v. Review Bd. of Ind. Emp't Sec. Div.*, 450 U.S. 707 (1981). Shophar does not claim that Zsenyuk placed any burdens on his right to the free exercise of religion or that her actions amounted to government action.  His allegations sound in defamation, and they are not transformed into a First Amendment claim simply because Zsenyuk is a federal employee and used a government email address.  Shophar's First Amendment claim against Zsenyuk is "wholly insubstantial and frivolous," and it should be dismissed for lack of subject matter jurisdiction.  *Arbaugh,* 546 U.S. at 513, n. 10 (citation and internal quotation marks omitted).

The remaining three claims against Zsenyuk are under Michigan law: M.C.L. §§ 600.2911, 750.350a and 750.411a.  They should be dismissed for lack of original jurisdiction over any other claim, and Zsenyuk's motion to dismiss should be granted.  [17-13322, ECF No. 29].

### G. Claims against Carol Gorski

Shophar's complaint asserts that Carol Gorksi (hereinafter, "C. Gorski") violated the PKPA; 18 U.S.C. § 1038(b); 18 U.S.C. § 1519; 15 U.S.C. § 1591; M.C.L. § 750.483a(6)(a); Section 750.350; M.C.L. §

18

600.2911; M.C.L. § 722.628; and M.C.L. § 4101.  [17-13322, ECF No. 1, PageID 9].  C. Gorski moves to dismiss, alleging that the Court does not have subject matter jurisdiction over Shophar's claims.  [ECF No. 36]. Again, the Court agrees.

The PKPA did not create a private right of action.  *Thompson,* 484 U.S. at 187.  The same is true for Section 1038(b), which "was designed to deal with criminal or terrorist hoaxes," *Johnson v. Working Am., Inc.*, No. 1:12 CV 1505, 2012 WL 3074775, at *2 (N.D. Ohio July 30, 2012); 18 U.S.C. § 1519, a penal statute regarding the tampering of evidence in federal investigations or bankruptcy; and 18 U.S.C. § 1591, which allows for the criminal prosecution of individuals involved in sex trafficking.  "As a private citizen, he has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."  *Johnson,* 2012 WL 3074775 at *2.  The remaining three claims against C. Gorski are under Michigan law and should thus be dismissed.  § 1367

## H. Claims Against Swearingin Grady

Federal Rule of Civil Procedure 4(m) gives plaintiffs 90 days to serve a complaint after it has been filed.  Shophar received a summons for Defendant Swearingin Grady on October 13, 2017, but there is no proof that he served it within the 90-day time period.  [ECF No. 3, PageID 3].  For

reasons that are unclear to the undersigned, Shophar was issued a new summons for Swearingin Grady on January 30, 2018—after the 90-day time period.  [ECF No. 74].

That new summons should not have been issued, as Shophar did not show good cause for his failure to timely serve Swearingin Grady, as required by Rule 4(m).  In the absence of a good cause showing, Shophar's claims against Swearingin Grady are subject to dismissal without prejudice.  Rule 4(m).  This true even though an affidavit of service states that Swearingin Grady was served with the newly issued summons on April 23, 2018, and a court clerk made a text entry indicating that Grady's answer to the complaint was due on May 14, 2018.  [ECF No. 83].

Swearingin Grady has not filed an answer, and a clerk's entry of default was entered on June 4, 2018.  [ECF No. 90].  Because Shophar did not timely serve her with the complaint, and has not shown good cause for his failure to do so, the entry of default should be set aside.  Rule 4(m).

Another reason that the entry of default should be set aside is because the Court does not have subject matter jurisdiction over Shophar's claims against Swearingin Grady.  This Court has an obligation to consider *sua sponte* whether subject matter jurisdiction exists.  *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).  Here, Shophar's claims against Grady rely on

20

the PKPA, Sections 4101 and 1038(b), and the First Amendment.  [17-13322, ECF No. 1, PageID 28-29].  For the reasons previously stated, the PKPA, and Sections 4101 and 1038(d) did not create private rights of action. With regard to the claim under the First Amendment, Shophar does not allege that Swearingin Grady was a public official, that she did anything under the color of law.  [*Id.*].  Shophar's First Amendment claim against Swearingin Grady is therefore not colorable.  *Pleasant Grove City, Utah*, 555 U.S. 460; *Arbaugh,* 546 U.S. at 513, n. 10 (citation and internal quotation marks omitted).

Thus, the Court lacks subject-matter jurisdiction to hear the claims Shophar has made against Swearingin Grady.

## I.  <u>Motion for Sanctions</u>

Zsenyuk's motion to dismiss is combined with a motion for sanctions in the amount of $1,650.  [ECF No. 29, PageID 782-86].  A motion for sanctions "must be made separately from any other motion."  Fed. R. Civ. P. 11(c)(2).  Because Zsenyuk filed combined motions, her motion for sanctions cannot be granted.  *Id.*; *Myers v. Anthem Life Ins. Co.*, 316 F.R.D. 186, 214 (W.D. Ky. 2016).

A court may order sanctions on its own initiative, but it must first order the offending "party to show cause why conduct specifically described in

21

the order has not violated Rule 11(b)."  Rule 11(c)(3).  Such a show cause

is warranted in this case due to the litigation history described below.

### J. **Permanent Injunction**

Judge Gyllnborg, KSL and Ridley move to permanently enjoin

Shophar from filing more lawsuits without leave of court.  [ECF No. 50, 56].

Shophar responds with his own motion for a permanent injunction "to block

all coming hearings, trials, or motions during the litigation of this final case

before the court" and to "block all communication with the Plaintiff's

parents, and affiliates."  [ECF No. 65, PageID 1642].  For the reasons

previously stated, this Court has no jurisdiction to grant Shophar the relief

he requests.

The Court does have the authority to enjoin Shophar from filing more

lawsuits in this Court and against the defendants he attempted to sue here.

"There is nothing unusual about imposing prefiling restrictions in matters

with a history of repetitive or vexatious litigation."  *Feathers v. Chevron*

*U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998).  There is nothing wrong

with an order that "restrains not only an individual litigant from repeatedly

filing an identical complaint, but that places limits on a reasonably defined

category of litigation because of a recognized pattern of repetitive,

frivolous, or vexatious cases within that category."  *Id.*

22

To determine whether a permanent injunction is warranted, courts

consider:

> '(1) the litigant's history of litigation and in particular whether it
> entailed vexatious, harassing or duplicative lawsuits; (2) the
> litigant's motive in pursuing the litigation, *e.g.,* does the litigant
> have an objective good faith expectation of prevailing?, (3)
> whether the litigant is represented by counsel; (4) whether the
> litigant has caused needless expense to other parties or has
> posed an unnecessary burden on the courts and their
> personnel; and (5) whether other sanctions would be adequate
> to protect the courts and other parties. Ultimately, the question
> the court must answer is whether a litigant who has a history of
> vexatious litigation is likely to continue to abuse the judicial
> process and harass other parties.'

*Kersh v. Borden Chem., a Div. of Borden, Inc.*, 689 F. Supp. 1442, 1450

(E.D. Mich. 1988) (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19,

24 (2d Cir.1986).  Having considered these factors, the Court finds that

Shophar's disturbing litigation conduct calls out for a permanent injunction.

### 1.  history of litigation

Judge Gyllenborg and KLS accurately describe this lawsuit as "a

mere blip on the radar of plaintiff Jorel Shophar's lawsuits against everyone

who has been even tangentially involved in a custody dispute involving

Shophar's children."  [ECF No. 50, PageID 1377].  They list and summarize

twelve lawsuits that Shophar has filed that arise out of the custody matter

over which Judge Gyllenborg had jurisdiction.  [*Id.*, PageID 1378-82].

23

These include four complaints in Shawnee County District Court in Kansas, three in the United District Court of Kansas, a petition to the Kansas Supreme Court, one petition each to the Oakland County and Wayne County Circuit Courts in Michigan, and the two complaints at issue in this report and recommendation.  [*Id.*].  Since the filing of this motion, Shophar has filed a petition of removal to remove a temporary custody order from the Johnson County District Court in Kansas.[3]  [18-11567, ECF No. 1].

All of the complaints and petitions that defendants cite are related, though often remotely, to Shophar's custody dispute with Krissy Gorski. [17-13322, ECF No. 50, PageID 1378-82].  Shophar names Gorski as a defendant in most of the actions, but he has also sued a mother's club, Gorski's friends and family members, a battered women's shelter, and therapists.  [*Id.*].  He has sued judges, lawyers, legal services, and the state of Kansas.  [*Id.*].  And Shophar has continued to file vexatious, harassing and duplicative actions despite being repeatedly informed that his claims are meritless for the same reasons that this Court recommends that his complaints be dismissed:

- "Generally, a private litigant has no authority to initiate a criminal action, and alleged violations of a criminal statute do

---

[3] Judge Goldsmith has ordered Shophar to show cause why this case should not be dismissed for lack of subject matter jurisdiction.  [18-11567, ECF No. 7].

not give rise to a private right of action." *Shophar v. City of Olathe*, 15-4961, 2017 WL 2618494, *6 (D. Kansas, September 13, 2016) (citation and internal quotations marks omitted).[4]

- "The Tenth Circuit has held that the 'domestic relations exception' to federal court jurisdiction divests the federal courts of power to issue divorce, alimony, and child custody decrees or to determine that such decrees are void." *Shophar v. Johnson County, et al.*, 16-4138, United States District Court, District of Kansas. [17-13322, ECF No. 23-7, PageID 265]

- Citing the *Rooker-Feldman* doctrine, "[T]his court does not have jurisdiction to issue a ruling which would in effect overturn a final state court judgment as to plaintiffs' child custody, visitation, child support, alimony or protection-from-abuse claims." [*Id.*, PageID 266].

- Criminal "statutes do not provide a private right of action." [*Id.,* PageID 269].

- With regard to the judges Shophar sued, "They are absolutely immune from suit, not just the assessment of damages, for such actions." [*Id.*, PageID 271].

- "None of these federal criminal statutes give plaintiff the right to assert a private cause of action." *Shophar v. Kansas*, 16-4043, 2017 WL 2264467, *7 (D. Kansas, May 23, 2017).

- "[P]laintiff cannot hold the State vicariously liable for Ms. Miller's actions under §§ 1983 or 1985." *Shophar v. Kansas*, 16-4043, 2017 WL 1155091, *6 (D. Kansas March 28, 2017).

- "[N]either general nor specific personal jurisdiction exists." *Id.* at *8.

---

[4] This opinion granting a motion to dismiss was affirmed. *Shophar v. City of Olathe*, No. 17-3143, 2018 WL 497175 (10th Cir. Jan. 22, 2018)

- "None of these federal criminal statutes confer on plaintiff the right to assert a private cause of action," including Section 1038. *Id.* at *12.

- "Liberally construing plaintiff's Amended Complaint to assert such a First Amendment violation, Layne Project argues that plaintiff still fails to state a plausible claim because he alleges no state action. The court agrees." *Shophar v. City of Olathe*, 15-4961, 2017 WL 2618494, *6 (D. Kansas, June 16, 2017).

- "[A] municipality cannot be held liable under § 1983 on a respondeat superior theory." *Id.* at *7.

- "This criminal statute provides no private right of action." *Id.* at *13.

- Because the children were located in Kansas and that is their home state, "there is no lawful reason for this Court to exercise jurisdiction." *Shophar v. Gorski*, 17-856409, Oakland County Circuit Court, [17-13322, ECF No. 23-13, PageID 422].

Shophar has promised in a social media posting, "I won't stop til I get to the highest court." [ECF No. 50-11, PageID 1494]. It is thus apparent that only an injunction requiring Shophar to seek leave of court before filing an action will end his campaign to use frivolous litigation as a weapon against anyone remotely related to his custody fight.

## 2. *motive in pursuing litigation*

The second factor is the litigant's motive in pursuing the litigation, which includes the question of whether Shophar has an objective good faith expectation of prevailing. As noted, other courts have already told Shophar

26

that his claims have no merit.  He even acknowledged in a social media post that his complaint in federal court in Kansas "was dismissed based on Jurisdiction [sic] question."  [17-13322, ECF No. 50-11, PageID 1494].  Shophar has no good faith expectation of prevailing; he has to no know that his claims are frivolous.  Nor does it appear that Shophar even wants his day in court.  Despite being well aware of the custody hearing in October 2017, he failed to show, and instead filed his baseless complaint here.  [17-13322, ECF No. 75-3, PageID 1868-69].

And on June 1, 2018, Shophar filed a motion to stay all proceedings pending the outcome of his petition to the Supreme Court to review the Tenth Circuit Court's recent decision affirming the dismissal of his lawsuit in the District of Kansas.  [17-13322, ECF No. 88].  His reasoning for requesting the stay is, nonsensically, that he has been mistreated by the courts and other parties in Kansas; he "is currently being deprived simple dignity and treated as a criminal, though he is NOT the criminal."  [*Id.*, PageID 2225].  If Shophar believed that his action here had merit and could avenge his and his children's alleged mistreatment, he would not seek a stay on the remote chance that the Supreme Court will hear his appeal.

27

### 3. whether the litigant is represented by counsel

"Frivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders."  *U.S. ex rel. Verdone v. Circuit Court for Taylor Cty.*, 73 F.3d 669, 671 (7th Cir. 1995).  Therefore, Shophar's *pro se* status weighs in favor of imposing an injunction.  *Kersh*, 689 F. Supp. 1451; *Daniel v. DTE Energy*, No. 11-13141, 2013 WL 4502151, at *5 (E.D. Mich. Aug. 22, 2013).

### 4. needless expense to other parties and unnecessary burden on the courts and their personnel

The harassing nature of Shophar's lawsuits is exacerbated by his recent practice of filing them in Michigan, despite the fact that all of the actions he challenges took place in Kansas, and that almost all of the parties reside there.  Except for C. Gorski, none of the defendants should have been haled into court in this jurisdiction.  And since he sues some of the same defendants repeatedly, the harassment against them is significant.

Shophar has also burdened the Court with his lengthy filings against a multitude of defendants and claims that he knows are unsustainable.  His filings are riddled with salacious accusations and religious scripture that

28

have no bearing on the merits of his case, and his serial lawsuits divert

scarce judicial resources from legitimate legal disputes. *U.S. ex rel.*

*Verdone,* 73 F.3d at 671.

### *5. whether other sanctions would be adequate*

While monetary sanctions would be warranted, they would "likely only

create further litigation by [Shophar], in the form of appeals or suits against

this Court." *Kersh*, 689 F. Supp. at 1451. *See also Nuckols v. Grace*

*Centers of Hope*, No. 07-13735, 2007 WL 4454298, at \*4 (E.D. Mich. Dec.

14, 2007) ("Because Mr. Nuckols' response to an adverse ruling is to file a

suit against its source, no other sanction would serve to protect this Court

and other parties.").

### *6. recommended injunction*

Shophar has a history of vexatious litigation that is likely to continue

to abuse the judicial process and harass other parties. Thus, an injunction

should be entered against him that is sufficiently tailored to the vice so as

not to infringe upon the litigator's right of access to the courts." *Ortman v.*

*Thomas*, 906 F. Supp. 416, 422 (E.D. Mich. 1995). Specifically, the

injunction should preclude Shophar from:

29

- filing *any* new federal actions in the Eastern District of Michigan without obtaining leave of court, and ordering that any action filed without leave be stricken;

- filing any civil action that relates in any way to his custody dispute, or that is any way factually or legally connected to the underlying actions, without leave of the court in which he is seeking to file his action;[5]

- filing any new action in "any court whatsoever (state or federal) against any state or federal judge, officer or employee, or court employee, for actions taken in the course of their official duties as a judge, officer, employee, or court employee," without leave of court. *Kersh*, 689 F. Supp. at 1452; and

- filing any new action in any court against the defendants he has attempted to sue in the complaint (17-13322) and petition (17-13900) at issue here without leave of court.

---

[5] *See Safir,* 792 F.2d at 25 (enjoining the plaintiff from filing any federal action related to complaint at issue); *Feathers*, 141 F.3d at 269 (enjoining any lawsuit arising out of same subject matter as complaint at issue); *Ortman*, 906 F. Supp. at 424 (permanently enjoining plaintiff "from filing any civil lawsuit alleging or asserting factual or legal claims based upon or arising out of any of the legal or factual claims alleged in this action or any of the actions underlying it.").

In order to obtain leave to file a new action, Shophar should be ordered to:

- file a "Motion Pursuant to Court Order Seeking Leave to File" with any proposed complaint;

- attach as an exhibit to that motion a declaration under 28 U.S.C. § 1746 or a sworn affidavit certifying that his complaint is not prohibited by the permanent injunction, and that it is not frivolous or made in bad faith;

- identify and list in a second exhibit: (1) the full caption of each and every suit which has been previously filed by him or on his behalf in any court against each and every defendant in the suit that he wishes to file, and (2) the full caption of each and every suit which he has currently pending;

- provide, in a third exhibit, a copy of each complaint covered by the preceding paragraph and a certified record of its disposition. He must serve a copy of this order on each defendant if and when leave to serve is granted;

- append the order granting the permanent injunction to any new action that he may hereinafter file in any court.

The preliminary injunction should indicate that it does not impair Shophar's ability to defend himself in any criminal action, to file a petition for writ of habeas corpus in the event that he is in custody,[6] or to appear in a court with competent jurisdiction to hear his custody dispute.

Finally, the Court should retain jurisdiction to modify this injunction as necessary where circumstances may change.[7]

## K. <u>Motion to Stay</u>

No defendants have yet to respond to Shophar's motion to stay all proceedings pending the outcome of his petition to the Supreme Court. [17-13322, ECF No. 88]. But because this Court lacks jurisdiction to hear his claims, his motion to stay should be denied.

## IV.   <u>Conclusion</u>

For the reasons stated above, defendants' motions to dismiss **[17-13322, ECF Nos. 23, 26, 29, 36, 44, 46, 75, 84; 17-13900, ECF No. 12],**

---

[6] This exception should not apply to attempted petitions for habeas corpus on behalf of his minor children.

[7] This recommended injunction borrows heavily from, and is supported by, *Kersh*, 689 F. Supp at 1452-53.

should be **GRANTED;** the clerks' entries of default **[17-13322, ECF No. 90;**

**ECF No. 17-13900, ECF No. 14, 18]** should be **SET ASIDE**; defendants'

motion for a permanent injunction to prevent Shophar from continuing to file

frivolous and vexatious lawsuits **[17-13322, ECF No. 50, 56]** should be

**GRANTED;** and Shophar's motion for permanent injunction and motion to

stay **[17-13322, ECF No. 65, 88]** should be **DENIED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: June 5, 2018

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this

Report and Recommendation, but must act within fourteen days of service

of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ.

P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any

further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.*

*Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*,

638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but

fail to raise others with specificity will not preserve all objections that party

might have to this Report and Recommendation.  *Willis v. Secretary of*

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 5, 2018.

s/Marlena Williams_____
MARLENA WILLIAMS
Case Manager
