UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOREL SHOPHAR,

       Plaintiff,

vs.

CHRISTINA GYLLENBORG,
et al.,

       Defendants.
_____/

Case No. 17-cv-13900
Hon. Mark A. Goldsmith

**OPINION & ORDER
(1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
DATED JUNE 5, 2018 (Dkt. 25), (2) OVERRULING PLAINTIFF'S OBJECTION
THERETO (Dkt. 26), (3) GRANTING DEFENDANT'S MOTION TO DISMISS (Dkt. 12),
(4) GRANTING DEFENDANT'S MOTION TO SET ASIDE THE CLERK'S ENTRY OF
DEFAULT (Dkt. 18), (5) DENYING PLAINTIFF'S MOTION TO REFER CASE TO
JUDGE VICTORIA ROBERTS (Dkt. 31), AND (6) DENYING PLAINTIFF'S MOTION
TO AMEND (Dkt. 32)**

This matter is now before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Elizabeth Stafford (Dkt. 25) and two additional motions filed by Plaintiff Jorel Shophar. Shophar, proceeding pro se, timely filed an objection to the R&R (Dkt. 26), and Defendants Judge Christina Gyllenborg and Krissy Gorski timely filed responses (Dkts. 27, 28). Shophar then filed a motion to amend his petition (Dkt. 32), and a motion to refer this case back to the Honorable Victoria Roberts (Dkt. 31). For the following reasons, the Court overrules Shophar's objection, adopts the R&R, denies the motion to amend, denies the motion to refer the case to Judge Roberts, and dismisses this case in its entirety.

**I. BACKGROUND**

The factual background of this case and the applicable standards of review on motions to dismiss have been adequately set forth in the R&R and need not be repeated here in full. In brief summary, Shophar essentially seeks to challenge a Kansas state court order granting Krissy Gorski,

1

the mother of his two children, custody of their children. He generally alleges that Gorski and Judge Gyllenborg, who presided over the custody case, violated his constitutional rights and federal law.

Judge Gyllenborg filed a motion to dismiss (Dkt. 12), and Gorski filed a motion (Dkt. 18) to set aside the clerk's entry of default (Dkt. 14). Magistrate Judge Stafford issued an R&R concluding that the Court lacked subject-matter jurisdiction over the action and recommending that Court (1) grant the motion to dismiss, and (2) grant the motion to set aside the default. R&R at 16, PageID.408.

## II. STANDARD OF REVIEW

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."). Any arguments made for the first time in objections to an R&R are deemed waived. Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013).

## III. ANALYSIS

### A. Motion to refer case to Judge Roberts

As an initial matter, the Court will address Shophar's request to refer the instant case back to Judge Roberts. This case was assigned to Judge Roberts when it was filed, but was identified as a companion case to Shophar v. Gorski, No. 17-13322 ("Shophar I"), and reassigned to the undersigned pursuant to this District's Local Rule 83.11. See 12/5/2017 Order (Dkt. 3). Shophar argues that because the undersigned, as an Oakland County Circuit Judge, made a ruling on a case involving Krissy Gorski, this case should be transferred "to satisfy a new perspective without familiarity." Pl. Mot. at 2, PageID.488 (Dkt. 31).

Shophar's motion is denied.  The case was appropriately reassigned to the undersigned from Judge Roberts pursuant to Local Rule 83.11(b)(7)(A)(ii), which provides that two cases are companions where "the same or related parties are present and the cases arise out of the same transaction or occurrence."  Shophar I was brought by Shophar against several defendants, including Judge Gyllenborg, regarding child custody proceedings in Kansas.  Shophar I was pending before the undersigned at the time the instant case was filed.  The Local Rules state that, when cases are identified as companions, the Judge assigned the later case number, with the consent of the Judge having the earlier assigned case, "shall sign an order reassigning the case to the Judge having the earlier case number."  L.R. 83.11(b)(7)(D).  Judge Roberts followed this procedure.

Shophar states that his request "does not challenge the Court to disqualify itself as the Defendant Gyllenborg is attempting to conjure up with its own interpretation."  Pl. Reply at 1, PageID.579 (Dkt. 38).  He states that "[u]pon the discretion of the Court, this case transfer can be accomplished."  Id. at 2, PageID.580.  To the extent that Shophar is asking the Court to simply exercise its discretion to transfer a case to a different judge, his request is denied.  There is no reason to transfer this case to a different judge after the magistrate judge has issued a report and recommendation recommending dismissal of Shophar's claims.

Nonetheless, to the extent that Shophar's motion could be interpreted to claim that the undersigned should disqualify himself, his motion is also denied.  Under 28 U.S.C. § 455(a), (b)(1), a federal judge shall disqualify himself "in any proceeding in which his impartiality might reasonably be questioned" or where "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]"[1]  This statute

---

[1] The Due Process Clause of the Constitution also guarantees an unbiased judge.  Burley v. Gagacki, 834 F.3d 606, 815 n.6 (6th Cir. 2016).  A judge's recusal is required where "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable."  Caperton v. A.T. Massey Coal Co., Inc., 556 U.S. 868, 877 (2009).  The Supreme

"imposes an objective standard: a judge must disqualify himself 'where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" Burley v. Gagacki, 834 F.3d 606, 616 (6th Cir. 2016) (quoting United States v. Adams, 722 F.3d 788, 837 (6th Cir. 2013)). As the moving party, Shophar has the burden to justify disqualification. Id.

A judge's prejudice or bias may stem from personal or extrajudicial sources, or may arise during the course of current or prior proceedings. Id. To the extent he alleges any bias or prejudice, Shophar seems to be alleging the latter, insofar as he claims that the undersigned is not "neutral" because, as a state court judge, he made a ruling on a case involving Gorski. But "opinions held by judges as a result of what they learned in earlier proceedings" are "not subject to deprecatory characterization as 'bias' or 'prejudice.'" Liteky v. United States, 510 U.S. 540, 551 (1994). Indeed, prejudice or bias in this context means a "favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it rests upon knowledge that the subject ought not possess, or because it is excessive in degree." Gagacki, 834 F.3d at 616 (emphases in original) (ellipses omitted).

Here, there is no prejudice or bias that merits recusal. The mere fact that the undersigned "made a ruling" in a case involving Gorski several years ago does not amount to a wrongful or inappropriate disposition or opinion that would prevent impartiality. Shophar does not put forth any evidence or even any argument to the contrary. Accordingly, his motion is denied.

**B. Objection to the Report and Recommendation**

Shophar's objection does not comply with this District's Local Rules, which require that objections "specify the part of the order, proposed findings, recommendations, or report to which

---

Court has described situations where the Constitution requires recusal as "extraordinary," and described the facts in such cases as "extreme[.]" Id. at 887. For the reasons discussed above, the instant case does not present extreme facts requiring recusal.

a person objects; and state the basis for the objection." L.R. 72.1(d)(1)(A)-(B).[2] In fact, Shophar does not engage with the R&R at all, but instead broadly asserts that Defendants are subject to jurisdiction in Michigan. See Pl. Obj. at 4-5, PageID.444-445.

"The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986) (quoting Nettles v. Wainwright, 677 F.2d 404, 410 (5th Cir. 1982)). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995); see also Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006) (finding plaintiff's objections insufficient where they "simply identified the discrete claims for which the magistrate judge's recommendations were adverse to [plaintiff] and then urged that they instead be resolved in his favor"), abrogated on other grounds by Jones v. Bock, 549 U.S. 199 (2007).

Shophar's objection does not pinpoint portions of the R&R that he would like the Court to consider, such that the Court can determine whether any of the magistrate judge's conclusions were in error. Clearly, Shophar opposes the magistrate judge's recommendations, but he offers only broad, unsupported assertions that Michigan has jurisdiction over the two Defendants, rather than addressing the reasoning in the R&R. This is insufficient and does not satisfy the requirement that an objection be filed.

Gyllenborg and Gorski nonetheless responded to Shophar's objection, and Shophar filed replies (Dkts. 29, 30). Neither the Local Rules nor the Federal Rules of Civil Procedure provide a

---

[2] Nor does it comply with the directions set forth in Magistrate Judge Stafford's R&R: "Each objection must be labeled as 'Objection #1,' 'Objection #2,' etc., and must specify precisely the provision of this Report and Recommendation to which it pertains." 6/5/2018 R&R at 34, PageID.426 (emphasis in original).

right to file a reply in support of objections to an R&R. Shophar does not get a second opportunity to file objections, especially objections to which Defendants can offer no response.

However, Shophar stated in his reply to Gorski's response that he only received a "brief order document by the federally supported Report, which recommended a dismissal for lack of jurisdiction" and the "34 page detailed report and recommendation" was mailed separately. Pl. Reply to Gorski at 1, PageID.480 (Dkt. 30). He states that he submitted his objection before receiving the full report and therefore "did not have the opportunity to draft according to the directives." Id. However, these assertions are unsworn and fail to state when the "34 page detailed report and recommendation" were received by him. The official docket contradicts his statement, as there is no indication from the docket that any "brief order" was mailed separately from the R&R itself; the R&R was mailed on June 5, 2018, the same day on which it was issued. See 6/5/2018 Text-Only Certificate of Service.

Even if Shophar was somehow unaware of the specific directive in Magistrate Judge Stafford's order describing in detail how to properly file objections, his objection still failed to conform to Local Rule 72.1(d)(1) and established case law. See Mira, 806 F.2d at 637 ("The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'"). Further, his reply to Gorski's response – apparently made with the benefit of having received the entire R&R – also failed to specify which portions of the R&R he contested. He does not engage with Magistrate Judge Stafford's conclusion that his habeas petition is essentially a request for review of the Kansas custody orders, a matter over which this Court has no jurisdiction, see R&R at 15-17, PageID.407-409; instead, he reiterates his views that "Gorski is a citizenship [sic] of the state of Michigan," Pl. Reply at 4, PageID.483, and states that the

Kansas orders are null and void, id. at 5, PageID.484. As with his original objection, this is tantamount to not filing an objection at all.[3]

Accordingly, the Court will review the R&R for clear error. See Fed. R. Civ. P. 72, 1983 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); but see Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). On the face of the record, the Court finds no clear error and accepts the recommendation.

**C. Motion to Amend**

Shophar also asks the Court for leave to amend his complaint,[4] claiming that his amended complaint "has allegations against the same Respondents and has added other Respondents who

---

[3] Similarly, in his reply to Judge Gyllenborg's response, Shophar does not coherently state an objection to the R&R. To the extent that the Court can discern Shophar's unhappiness with the R&R, he seems to claim that the R&R "is written as an Appeal without proper protocol, which is a trial – violating 'due process,'" Pl. Reply at 3, PageID.463 (Dkt. 29); ignores the fact that Krissy Gorski allegedly took their children across state lines, id.; uses citations that were also used in Judge Gyllenborg's briefs, id.; and ignores Shophar's evidence proving that Judge Gyllenborg's orders are void, id. at 4, PageID.464. He also states that Judge Gyllenborg is not immune. Id. at 7, 12-14, PageID.467, 472-474. These objections are meritless. Magistrate Judge Stafford followed proper protocols regarding referral to a magistrate judge. She did not err in failing to recount the many irrelevant facts alleged by Shophar, nor did she err by relying on case law that was also relied upon by Defendants. And Magistrate Judge Stafford recognized that this Court has no authority to review orders made by Kansas state courts. See R&R at 16, PageID.408. As to Judge Gyllenborg's immunity, Shophar alleges that Judge Gyllenborg lied, supplied false information, blocked other courts from obtaining jurisdiction over his case, and violated his constitutional rights. But he offers no reason to find that the magistrate judge's conclusion – that Judge Gyllenborg entered and enforced her orders within her judicial capacity, and is therefore immune even if she acted with partiality, maliciously, corruptly, arbitrarily, or oppressively, R&R at 14, PageID.406 – is incorrect.

[4] Shophar filed his original action as a petition for habeas corpus, which this Court determined was improper. The Court directed the clerk's office to change the designation of the case to a civil complaint, and to refer to Shophar as a "plaintiff" rather than petitioner. See 1/4/2018 Order (Dkt. 6). Nonetheless, Shophar's amended complaint refers to itself as a petition for habeas corpus and defendants as "respondents." He has now added his minor children as plaintiffs, but as Magistrate

7

also failed to protect the children and should be accountable for their wrong doing." Pl. Mot. to Amend at 2, PageID.492 (Dkt. 32). His "amended emergency habeas corpus" alleges that his minor children are being illegally detained by the Kansas Child Welfare Department, and names nine additional defendants. He requests that the Court issue a writ of habeas corpus requiring the release of his children, issue an injunction ordering defendants not to detain the minor children on the "null and void" orders of the Kansas state court judges, require the defendants to release "records" pertaining to his children, and issue an injunction for a "Forensic Psychological Investigation" on the minor children. See Am. Emer. Pet. at 39, PageID.533 (Dkt. 33). Throughout the complaint, Shophar again references various violations of his constitutional rights and of federal law.

The Federal Rules of Civil Procedure provide that a party may amend its pleading at this point in the proceeding "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "District courts have a responsibility to construe pro se complaints liberally and to allow ample opportunity for amending the complaint when it appears that the pro se litigant would be able to state a meritorious claim." McCallum v. Gilless, 38 F. App'x 213, 216 (6th Cir. 2002). "A district court is not required to grant leave where the amendment would be futile, or in other words would not be able to survive a motion to dismiss." Bagsby v. Gehres, 225 F. App'x 337, 355 (6th Cir. 2007).

The Court concludes that allowing Shophar to amend his complaint would be futile. Magistrate Judge Stafford already determined, and this Court has agreed, that this Court does not have jurisdiction to hear Shophar's claims against various Kansas state officials. The "amended emergency habeas corpus" appears to present many of the same problems as his original complaint

---

Judge Stafford pointed out, Shophar has not shown that he has authority to sue on behalf of his minor children under Federal Rule of Civil Procedure 17 and, as he is not an attorney, he cannot represent them in court.

8

in this action and as his complaint in Shophar I – namely, that the Court does not have personal jurisdiction over individuals who have no connection to Michigan, that judges in Kansas state court proceedings enjoy judicial immunity, and that the Court does not have subject matter jurisdiction to consider custody disputes. Shophar does not explain in his motion how an amended complaint would correct any of these impediments and allow him to proceed. The Court further notes that Magistrate Judge Stafford observed Shophar's "disturbing litigation conduct," R&R at 23, PageID.415, and described his filing of "vexatious, harassing, and duplicative actions despite being repeatedly informed that his claims are meritless[,]" id. at 24, PageID.416. This latest amended petition appears to be more of the same.

For these reasons, the Court denies Shophar's motion to amend.

### IV. CONCLUSION

For the foregoing reasons, the Court adopts the Report and Recommendation dated June 5, 2018 (Dkt. 25), grants Defendant Gyllenborg's motion to dismiss (Dkt. 12), grants Krissy Gorski's motion to set aside the default (Dkt. 18), denies Shophar's motion to refer case to Judge Roberts (Dkt. 31), and denies Shophar's motion to amend (Dkt. 32).[5] This matter is dismissed in its entirety.

SO ORDERED.

Dated: September 18, 2018       s/Mark A. Goldsmith
    Detroit, Michigan      MARK A. GOLDSMITH
     United States District Judge

---

[5] Shophar's motion to strike Gorski's response to his motion to amend the complaint and motion to refer the case back to Judge Roberts (Dkt. 39) is denied. Although Gorski's response was untimely, she states only that she concurs in the response filed by Judge Gyllenborg and does not offer any substantive arguments of her own. There is no harm to Shophar in the filing remaining on the docket.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 18, 2018.

                                                      s/Karri Sandusky
                                                        Case Manager